# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Augustine Bernal Thomas,<br><br>　　　　　Movant,<br><br>v.<br><br>United States of America,<br><br>　　　　　Respondent. | No. CV 16-04582-PHX-SRB (DMF)<br><br>CR 10-00927-01-PHX-SRB<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE SUSAN R. BOLTON, SENIOR UNITED STATES DISTRICT JUDGE:**

Movant Augustine Bernal Thomas has filed a Motion to Vacate, Set Aside, or [Correct] Sentence by a person in Federal Custody pursuant to 28 U.S.C. § 2255, after applying to the U.S. Court of Appeals for the Ninth Circuit for authorization to file a second or successive motion. (Doc. 4 at 11-18) The Ninth Circuit granted the application on June 13, 2016, and transferred the motion to this Court. (*Id.* at 1-2)

## I.　BACKGROUND

Movant explains that he was convicted of one count of Conspiracy to Commit Obstruction of Justice by Retaliating Against a Witness pursuant to 18 U.S.C. §§ 2 and 1513(f), and of a second count of Obstruction of Justice by Retaliating Against A Witness pursuant to 18 U.S.C. §§ 2 and 1513(b)(1) and (c). (Doc. 4 at 12) Movant further declares that the Court "adopted the [United States Sentencing Guidelines "U.S.S.G."] calculation from the [pre-sentence report] which resulted in an offense level of 37 and a criminal history category of VI (career offender), resulting in a Guideline range of 360

months to life." (*Id.*) The sentence the Court imposed was 360 months' imprisonment on each count, to be served concurrently. (*Id.*) Movant states that the Court recognized that his sentence would have been calculated on an offense level of 24 and a criminal history category of V, absent application of the career offender enhancement. (*Id.*)

Relying on *Johnson v. United States*, 135 S.Ct. 2551 (2015), Movant argues that his sentence was unconstitutional because it was determined using the residual clause of U.S.S.G. § 4B1.2(a). (*Id.* at 13) He explains that in *Johnson*, the U.S. Supreme Court held that "identically-worded" language within the residual clause in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. (*Id.* at 14) Movant argues that the calculation of his sentence resulted in a denial of due process. (*Id.* at 17)

## II. DISCUSSION

Respondent moves for dismissal of the Motion based on the holding by the U.S. Supreme Court in *Beckles v. United States*, 137 S.Ct. 886 (2017). (Doc. 18 at 1-2) In *Beckles*, the Court held that the residual clause in the ACCA "fixed—in an impermissibly vague way—a higher range of sentences for certain defendants." 137 S.Ct. at 892. The Supreme Court distinguished the ACCA's residual clause from that in U.S.S.G. § 4B1.2(a), stating that the:

> advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

*Id.*

Respondent urges the Court to dismiss the Motion with prejudice because the *Beckles* opinion "directly rejects the [Movant's] argument that the residual clause in the advisory guidelines is unconstitutionally vague." (Doc. 18 at 2) Through his counsel, Movant concedes that his Motion "was based upon the vagueness of the definition of the term 'crime of violence' as used in § 4B1.2 of the Sentencing Guidelines" and that he had "no further argument to add." (Doc. 20 at 1)

The argument asserted in the Motion is foreclosed by *Beckles*.

Accordingly,

**IT IS RECOMMENDED** that Movant's Motion to Vacate, Set Aside or [Correct] Sentence (Doc. 4 at 11-18) be **denied**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability be denied because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna–Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 8th day of November, 2017.

_____
CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE